RECEIVED

AUG 29 2005

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

```
                                    )
BENNETT A. SIEMS,                   )
                                    )
                 Plaintiff,         )       Civil Action No. O5cv 1981 DSD /NMJ
                                    )
v.                                  )       JURY TRIAL DEMANDED
                                    )
AFFILIATED COMPUTER                 )
SERVICES, INC.,                     )
                                    )
                 Defendant.         )
                                    )
```

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Bennett A. Siems for his Complaint against Affiliated Computer Services, Inc., states and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

2.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

### THE PARTIES

3.     Plaintiff Bennett A. Siems ("Siems") is an individual who resides at 3532 Aldrich Avenue South, Minneapolis, Minnesota 55408.



SCANNED

AUG 2 9 2005

U.S. DISTRICT COURT MPLS

4.    On information and belief, defendant Affiliated Computer Services, Inc. ("ACS") is a Delaware corporation with its principal place of business at 2828 N. Haskell Ave., Dallas, Texas 75204-2988.

5.    On information and belief, ACS is engaged in the following businesses: (1) travel services, including electronic ticket fulfillment, making travel arrangements, and reservation services; (2) telephone customer service support; (3) electronic fund transfer; and (4) information and data processing services and storage services.

6.    On information and belief, ACS is registered to do business in the State of Minnesota, with a listed address of 380 Jackson Street # 418, St. Paul, Minnesota 55101.

7.    On information and belief, ACS has divisions and branch offices located in Minnesota. ACS has divisions named Etravel located at 7901 Flying Cloud Drive, Suite 300, Eden Prairie, MN 55344 and at 1961 Premiere Dr., Mankato, Minnesota 56001. ACS has branch offices located at 1901 Flying Cloud Dr. St., Eden Prairie, Minnesota 55344 and at 2901 3rd St. S., Waite Park, Minnesota 56387.

## BACKGROUND FACTS

8.    This case is about the willful infringement of a local musician's copyrighted music.

9.    Siems is a local musician that composes, produces, performs and sells his music for a living as the leader of the Willie August Project Jazz Group.

10.    In late spring of 2001, an employee of Etravel, now a wholly owned division of ACS, approached Siems and asked if Etravel could play Siems' music for Etravel's on-hold

2

music. The music involved copyrighted songs from two Willie August Project Albums, "Transparent Sunrise" and "Dream Truths," as well as the album compilations themselves.

11.     In return, Etravel promised that it would publicly promote Siems' copyrighted music by dedicating one of Etravel's Internet web pages to the on-hold music it played, including providing promotional information about Siems and links to Siems' Willie August Project website.

12.     Siems explained to the Etravel employee that his music was copyrighted. Accordingly, Etravel asked Siems to execute a written license agreement permitting Etravel to play his copyrighted music as on-hold music. In return for Etravel promoting Siems and his music on one of Etravel's web pages, Siems agreed to license his copyrighted music to Etravel royalty-free for a limited term of three-months from the date of execution of the license agreement.

13.     Etravel never dedicated one of its web pages to the on-hold music it played or promoted Siems or his copyrighted music.

14.     Upon expiration of the three-month period, Siems believed that Etravel was no longer using his copyrighted music.

15.     In March 2005, after Siems finished a live performance of his copyrighted music, a person, who identified himself as an ACS/Etravel employee who handles customers' service calls for ORBITZ, approached Siems and informed Siems that ACS/Etravel was using Siems' music as on-hold music.

16.     Siems later learned that Etravel and ACS had been improperly and knowingly using Siems' copyrighted music without permission after the three-month license expired.

17.     Upon information and belief, ACS played Siems' copyrighted music beginning in 2001 through 2005 as its own on-hold music and in providing services to its customers, including, Northwest Airlines and ORBITZ (Orbitz.com).

18.     The album "Dream Truths" is registered under copyright Registration Number SR 214-816.  It includes songs entitled "Ashes of My Dreams," "Should Have," "Pool Hall Chatter," "A Wound More Powerful than Time," "Son of Thunder," "The Trial and the Truth," "La Presencia de la Noche (Cancion del Hombre Tranquilo)," and "Boyling Point."  A copy of this registration is attached hereto as Exhibit A.

19.     The album "Transparent Sunrise" is registered under copyright Registration Number SR 175-077.  It includes songs entitled "Transparent Sunrise," "Riverfront Memory," "The Ghost," "Suite for a Dancer, Movement 2: The Silence of Her Tears," "Okala," "Throggs Neck Moment," "The Terms of My Surrender," and "Guillermo's Blues."  A copy of this registration is attached hereto as Exhibit B.

20.     Siems has also individually copyrighted the following songs contained on the albums "Dream Truths" and "Transparent Sunrise:" "Guillermo's Blues," "The Terms of My Surrender," "Throggs Neck Moment," "Riverfront Memory," "Should Have," and "Suite For a Dancer, Movement 2: The Silence of Her Tears."

21.     Siems' song "Guillermo's Blues" is registered under copyright Registration Number PAu 2-277-824.  A copy of this registration is attached hereto as Exhibit C.

22.   Siems' song "The Terms of My Surrender" is registered under copyright Registration Number PAu 2-262-868.  A copy of this registration is attached hereto as Exhibit D.

23.   Siems' songs "Throggs Neck Moment," "Riverfront Memory," "Should Have," and "Suite For a Dancer, Movement 2: The Silence of Her Tears" are registered under copyright Registration Number PAu 2-150-558.  A copy of this registration is attached hereto as Exhibit E.

24.   The above referenced albums and songs were registered before ACS began infringing Siems' copyrights in 2001.

25.   The artistic merit of Siems' music is illustrated by the many praises Siems and his music have received locally and nationally.

26.   Siems has received acclaim from various music groups and critics for the music he has written and performed, including, the music on his albums "Dream Truths" and "Transparent Sunrise."

27.   Siems has also received grants from New York's Meet the Composer, Inc. in 2001, 2002, and 2005, and from The American Composers Forum in 2001 and 2002, to support the creation and performance of Siems' music.

28.   Siems has been nominated for the Minnesota Music Awards as the Best Jazz Group or Artist in 2000, 2002, 2003, and 2004 and for the Best Jazz Recording in 2001, for the album "Dream Truths."

29.   Siems has received critical acclaim for his music.

30.    Etravel took advantage of Siems' goodwill by telling him that Etravel would promote his music in exchange for a limited three-month royalty-free license to play his music as on-hold music.

31.    By all indications, Etravel never intended to promote Siems' music or stop playing Siems' music at the expiration of the license period.

## COUNT I

### COPYRIGHT INFRINGEMENT OF "DREAM TRUTHS" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. SR 214-816)

32.    Siems realleges the foregoing paragraphs 1-31 as though stated here.

33.    On or about December 5, 2000, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the album "Dream Truths."

34.    Effective December 5, 2000, a copyright for the album "Dream Truths" was duly registered as Registration No. SR 214-816. A Copy of this registration is attached hereto as Exhibit A.

35.    Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. SR 214-816.

36.    Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

37.    ACS infringed Siems' copyrighted material by playing songs from Siems' "Dream Truths" album as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

38.     ACS's use of Siems' copyrighted material without permission constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

39.     At all times ACS was aware that Siems' music was copyrighted, and ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

40.     As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

41.     As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

42.     Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II

### COPYRIGHT INFRINGEMENT OF "TRANSPARENT SUNRISE" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. SR 175-077)

43.     Siems realleges the foregoing paragraphs 1-42 as though stated herein.

44.     On or about June 15, 1999, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the album "Transparent Sunrise."

45.     Effective June 15, 1999, a copyright for the album "Transparent Sunrise" was duly registered as Registration No. SR 175-077.  A copy of this registration is attached hereto as Exhibit B.

46.     Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. SR 175-077.

47.     Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

48.     ACS infringed Siems' copyrighted material by playing songs from Seims' "Transparent Sunrise" album as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

49.     ACS's use of Siems' copyrighted material without permission constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

50.     At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

51.     As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

52.     As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

53.     Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT III

## COPYRIGHT INFRINGEMENT OF "GULLERMO'S BLUES" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-277-824)

54.     Siems realleges the foregoing paragraphs 1-53 as though stated here.

55.     On or about March 31, 1998, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for at least the following song in the album Willie Goes Latin: Afro-Caribbean and Brazilian Rhythms: "Guillermo's Blues."

56.     Effective March 31, 1998, a copyright for the song "Guillermo's Blues" in the album Willie Goes Latin: Afro-Caribbean and Brazilian Rhythms was duly registered as Registration No. PAu 2-277-824.  A copy of this registration is attached hereto as Exhibit C.

57.     Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-277-824.

58.     Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

59.     Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' song "Guillermo's Blues" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

60.     ACS's use of Siems' copyrighted material without permission constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

61.     At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

62.     As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

63.     As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

64.     Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**COUNT IV**

**COPYRIGHT INFRINGEMENT OF "THE TERMS OF MY SURRENDER"
UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-262-868)**

65.     Siems realleges the foregoing paragraphs 1-64 as though stated here.

66.     On or about January 2, 1998, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for at least the following song in the Music Of The Willie August Project: "The Terms of My Surrender."

67.     Effective January 2, 1998, a copyright for the song "The Terms of My Surrender" was duly registered as Registration No. PAu 2-262-868.  A copy of this registration is attached hereto as Exhibit D.

68.     Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-262-868.

69.   Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

70.   Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' song "The Terms of My Surrender" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

71.   ACS's use of Siems' copyrighted material without permission and authorization constitute a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

72.   At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

73.   As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

74.   As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

75.   Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT V

### COPYRIGHT INFRINGEMENT OF "THROGGS NECK MOMENT" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-150-558)

76.     Siems realleges the foregoing paragraphs 1-75 as though stated here.

77.     On or about December 13, 1996, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the following song in Music Of The Willie August Project: "Throggs Neck Moment."

78.     Effective December 13, 1996, a copyright for the song "Throggs Neck Moment" was duly registered as Registration No. PAu 2-150-558.  A copy of this registration is attached hereto as Exhibit E.

79.     Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-150-558.

80.     Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

81.     Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' songs "Throggs Neck Moment" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

82.     ACS's use of Siems' copyrighted material without permission and authorization constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

83.     At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

84.     As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

85.     As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

86.     Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT VI

### COPYRIGHT INFRINGEMENT OF "RIVERFRONT MEMORY" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-150-558)

87.     Siems realleges the foregoing paragraphs 1-86 as though stated here.

88.     On or about December 13, 1996, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the following song in Music Of The Willie August Project: "Riverfront Memory."

89.     Effective December 13, 1996, a copyright for the song "Riverfront Memory" was duly registered as Registration No. PAu 2-150-558.  A copy of this registration is attached hereto as Exhibit E.

90.     Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-150-558.

91.     Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

92.     Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' songs "Riverfront Memory" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

93.     ACS's use of Siems' copyrighted material without permission and authorization constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

94.     At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

95.     As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

96.     As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

97.     Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT VII

### COPYRIGHT INFRINGEMENT OF "SHOULD HAVE"
### UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-150-558)

98.    Siems realleges the foregoing paragraphs 1-97 as though stated here.

99.    On or about December 13, 1996, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the following song in Music Of The Willie August Project: "Should Have."

100.    Effective December 13, 1996, a copyright for the song "Should Have" was duly registered as Registration No. PAu 2-150-558.  A copy of this registration is attached hereto as Exhibit E.

101.    Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-150-558.

102.    Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

103.    Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' songs "Should Have" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

104.    ACS's use of Siems' copyrighted material without permission and authorization constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

105.    At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

106.    As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

107.    As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law. Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

108.    Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### COUNT VIII

**COPYRIGHT INFRINGEMENT OF "SUITE FOR A DANCER, MOVEMENT 2: THE SILENCE OF HER TEARS" UNDER 17 U.S.C. §§ 101 et seq. (REGISTRATION NO. PAu 2-150-558)**

109.    Siems realleges the foregoing paragraphs 1-108 as though stated here.

110.    On or about December 13, 1996, Siems applied to the Register of Copyrights of the United States for a Certificate of Registration for the following song in Music Of The Willie August Project: "Suite For a Dancer, Movement 2: The Silence of Her Tears."

111.    Effective December 13, 1996, a copyright for the song "Suite For a Dancer, Movement 2: The Silence of Her Tears" was duly registered as Registration No. PAu 2-150-558. A copy of this registration is attached hereto as Exhibit E.

112.    Siems is currently, and at all relevant times has been, the owner of all right, title, and interest in and to the material copyrighted in Registration No. PAu 2-150-558.

113.    Siems has produced and distributed his songs and albums in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

114.    Upon information and belief, ACS infringed Siems' copyrighted material by playing Siems' songs "Suite For a Dancer, Movement 2: The Silence of Her Tears" as on-hold music for it and its customers, including, Northwest Airlines, Inc. and ORBITZ (Orbitz.com).

115.    ACS's use of Siems' copyrighted material without permission and authorization constitutes a violation of the Copyright Act, 17 U.S.C. § 501 et seq.

116.    At all times ACS was aware that Siems' music was copyrighted, and as such, ACS's use of Siems' copyrighted material constitutes intentional and willful infringement.

117.    As a direct and proximate result of ACS's acts of copyright infringement, Siems has been damaged in an amount to be determined, excluding interest, costs, and consequential damages, and is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504.

118.    As a further, direct, and proximate result of ACS's copyright infringement, Siems will suffer injury and have no adequate remedy at law.  Siems will be irreparably harmed unless ACS, pursuant to 17 U.S.C. § 502, is immediately restrained and enjoined from committing and continuing to commit such acts of copyright infringement.

119.    Siems is also entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE,** Siems prays for judgment against ACS as follows:

A.      That the Court find that ACS has infringed Siems' copyrights in the two Willie August Project Albums, "Transparent Sunrise" and "Dream Truths," as well as the album compilations themselves;

B.      That the Court find a substantial likelihood that ACS will continue to infringe Siems' copyrights unless enjoined from doing so;

C.      That ACS, its directors and officers, agents, servants, employees, and all other persons in active concert, privity, or in participation with them, be enjoined from directly or indirectly infringing Siems' copyrighted songs or albums or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, publicly show or display, reproduce, or develop any works derived or copied from Siems' copyrighted songs or to participate or assist in any such activity;

D.      That ACS, their directors and officers, agents, servants, employees, and all other persons in active concert, privity, or in participation with them, be required to return to Siems any and all originals, copies, facsimiles, or duplicates of Siems' copyrighted songs in their possession, custody, or control;

E.      That ACS, their directors and officers, agents, servants, employees, and all other persons in active concert, privity, or in participation with them, be required to recall from all retailers and distributors, customers, and all others known to them, any originals, copies,

facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in Siems'
copyrighted songs;

      F.      That ACS be required to deliver upon oath, to be impounded during the
pendency of this action and destroyed pursuant to judgment herein, all originals, copies,
facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in Siems'
copyrighted songs;

      G.      That ACS provides an accounting of all customers who used Siems'
copyrighted songs;

      H.      That ACS be required to file with the Court and to serve on Siems, within 30
days after service of the Court's order as herein prayed, a report in writing under oath setting
forth in detail the manner and form in which ACS has complied with the Court's order;

      I.      That judgment be entered for Siems and against ACS awarding Siems his actual
damages and/or statutory damages under 17 U.S.C. § 501 et seq.;

      J.      That ACS be required to account for all gains, profits, and advantages derived
from its acts of copyright infringement;

      K.      That the Court find that ACS's conduct was willful;

      L.      That the Court award Siems his costs and attorneys' fees incurred in prosecuting
this action against ACS pursuant to 17 U.S.C. § 505; and

      M.      That the Court grant such other, further, and different relief as the Court deems
just and proper under the circumstances.

## JURY TRIAL DEMANDED

Siems respectfully demands a trial by jury on all claims and issues so triable.


Dated: August 29, 2005.

BENNETT A. SIEMS

By: _Thomas J. Leach_
Jeffer Ali, # 247947
Thomas J. Leach, # 311844
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.332.5300
Facsimile:  612.332.9081

*Attorneys for Plaintiff, Bennett A. Siems*